# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:09cv00117 |
| vs. | : | Chief District Judge Susan J. Dlott |
| | | Magistrate Judge Sharon L. Ovington |
| DAYTON POLICE OFFICER JEFF HIEBER, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Larry E. Ealy brings this case *pro se* under 42 U.S.C. §1983 and other federal statutes claiming that the defendants, Dayton Police Officer Jeff Hieber and six unknown Dayton Police Officers, violated his rights under federal and Ohio law. Plaintiff alleges, as he has in prior cases in this Court, that he is "the victim of political assignation" involving the named defendants and others. (Doc. #2 at ¶6). He asserts, "The above state and federal officials have in the past and continue to, Conspirer [sic] against the Ealy family." *Id*. Plaintiff claims that Officer Hieber conspired with six other police officers to seize his son, Larry L. Ealy, on March 25, 2007. He further alleges that officer Hieber "is a part of a conspiracy with the Good Samaritan Hospital whom [sic] have seized the Plaintiff's son on February 9, 2009 ... this is a part of the coalition in Montgomery County to stop the movements of several citizens seeking civil rights...." *Id*. at ¶9. Plaintiff maintains that on this same date Officer Hieber held him at gun point.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

And "the Dayton Police ... have a directive order to escort and monitor the Plaintiff once he appears for Court...." *Id*. Plaintiff seeks a jury trial "to hear said charges of conspiracy, and that he be compensated in the amount of 10, Million in damages for this outrageous conduct...." *Id*.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.[2] If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

Reviewing a Complaint under §1915(e)(2)(B) addresses whether it raises a claim with a rational or arguable basis in fact or law. *See Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989). If the Complaint does not, it is frivolous or malicious and subject to dismissal. *See id.*; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of *in forma pauperis* Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). To state such a claim, the Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Bell Atlantic v. Twombly*, 550 F.3d 544, 127

---

[2] On April 24, 2009, Chief Judge Susan J. Dlott issued an Order in Case No. 1:09CV00245 barring Plaintiff from filing complaints unless certain conditions are met. Since the instant case was filed prior to that Order, the undersigned will proceed pursuant to the §1915 analysis.

S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). And the Complaint needs "only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. at 1965). A Complaint creating only "a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

Ealy's Complaint fails as a matter of federal law because he either previously raised the same allegations and claims against Officer Hieber and others, or he could have raised them, in at least one of his prior-filed cases in this Court. *See, e.g., Larry E. Ealy v. Walter H. Rice, et al.*, 3:09cv00100. In this situation, the doctrines of res judicata and collateral estoppel bar Plaintiff's present claims and allegations. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981); *see also Allen v. McCurry*, 449 U.S. 90, 103-05 (1980); *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506-07 (6th Cir. 2008).

Accordingly, Ealy's Complaint must be dismissed *sua sponte* under 28 U.S.C. §1915(d)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff Larry E. Ealy's Complaint (Doc. #2) be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied. If so certified, Plaintiff – a non-prisoner – would remain free to apply to proceed *in forma pauperis* in the United States Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999)

3. The case be terminated on the docket of the Court.

May 6, 2009

             s/ Sharon L. Ovington
               Sharon L. Ovington
            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).