# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY E. EALY, | : | |
| Plaintiff, | : | Case No. 3:09cv00117 |
| vs. | : | Chief District Judge Susan J. Dlott |
| | | Magistrate Judge Sharon L. Ovington |
| DAYTON POLICE OFFICER JEFF HIEBER, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Larry E. Ealy brings this case *pro se* claiming that Defendants violated his rights under federal and Ohio law. On May 6, 2009, the undersigned Judicial Officer conducted a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e) and filed a Report and Recommendations concluding that Plaintiff's Complaint should be dismissed under 28 U.S.C. §1915(e)(2)(B) because the doctrines of *res judicata* and collateral estoppel bar his present claims and allegations. (Doc. #6). In addition, the Report recommended that "the Court certify for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be in good faith, and consequently, leave for plaintiff to appeal *in forma pauperis* should be denied. If so certified, Plaintiff – a non-prisoner – would remain free to apply to proceed *in forma pauperis* in the United States Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999)." (Doc. #6 at 3). Plaintiff did not file any Objections to the Report

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

and Recommendations and the time for filing such objections has expired.

The case is presently before the Court upon Plaintiff's Motion To Proceed *In Forma Pauperis* (Doc. #7), his Notice of Appeal (Doc. #8), and the record as a whole.

In all cases where the appellant seeks to proceed *in forma pauperis*, the United States Court of Appeals for the Sixth Circuit requires the district courts within this Circuit to determine whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The test under 28 U.S.C. §1915(a) for determining if an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Coppedge v. United States*, 360 U.S. 438 (1962). Thus an appellant's good-faith subjective motivation for appealing is not relevant, but rather the issue is whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal.

In the present case, even if the Court had determined during its *sua sponte* review that Plaintiff's Complaint was not frivolous, such a preliminary finding would not have been conclusive regarding whether Plaintiff's present appeal is frivolous since the appeal is a separate proceeding. *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595 (2000); *see Spruill v. Temple Baptist Church*, 141 F.2d 137, 138 (D.C. Cir. 1944). If the district court permitted a party to proceed *in forma pauperis*, the party may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies in writing that an appeal would not be taken in good faith or the party is not otherwise entitled to proceed as a pauper. *See* Fed. R. App. P. 24(a)(3). If the district court denies the individual leave to proceed *in forma pauperis* on appeal, the party may file, within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement

as to its reasons for denying pauper status on appeal.  *See* Fed. R. App. P. 24(a)(5); *see also Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (holding *Floyd*, 105 F.3d 274 as superceded in part by 1998 amendments to Fed. R. App. P. 24).

Upon review of the record, including Plaintiff's Complaint, his Motion to Proceed *In Forma Pauperis* on appeal, and his Notice of Appeal, Plaintiff's appeal is not taken in good faith for the reasons set forth in the prior Report and Recommendations.  *See* Doc. #6.  In addition, although the Court provided Plaintiff with written notice that he must file any Objections to the Report and Recommendations within ten days, *see* Doc. #2 at 5, Plaintiff did not file any Objections to the Report and Recommendations.  Although the District Judge has yet to rule on the Report and Recommendations, given the lack of any Objections filed by Plaintiff, he has likely waived his right to appeal an Order adopting the Report and Recommendations, if such an Order issues.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)("a party shall file objections with the district court or else waive the right to appeal."); *see Thomas v. Arn,* 474 U.S. 140 (1985).  Plaintiff's lack of Objections also leave the present record void of any argument upon which it could be objectively concluded that a non-frivolous issue exists for appeal.

Additionally, in another case brought by Plaintiff in this Court, Judge Dlott issued an Order describing in detail Plaintiff's lengthy history of frequently filing frivolous and duplicative cases.  (*Ealy v. State of Ohio*, 1:09cv245, Doc. #3 at 3-10).  Judge Dlott then concluded:

> Given Mr. Ealy's extremely abusive case filings..., the least severe sanction likely to deter Mr. Ealy from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis*, in any future action filed in this Court and from filing any new Complaint, removal petition, habeas corpus petition, and/or other actions without prior approval of this Court....

*Id*. at 10.  In light of Plaintiff's lengthy history of filing frivolous and abusive case – as thoroughly documented in *Ealy v. State of Ohio*, 1:09cv245 (Doc. #3) – and because Plaintiff did not file any Objections to the Report and Recommendations in this case, and

because Plaintiff has failed to assert any argument in support of his Motion to Proceed *In Forma Pauperis*, *see* Doc. #7, his Motion lacks merit.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. #7) be DENIED; and

2. The case be terminated on the Court's docket.


June 3, 2009

                s/ Sharon L. Ovington
                Sharon L. Ovington
              United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).